UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAFAEL VERAS,                                               :

                Plaintiff,                 :

                  v.                         :           **MEMORANDUM AND ORDER**

UNITED STATES OF AMERICA,                                   :           16-CV-8045 (KNF)

                Defendant.                 :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff commenced this action by a verified complaint asserting the following claims, pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680: (1) false arrest and imprisonment; (2) assault; (3) battery; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) violation of the Fourth Amendment "for the detention and confinement of the Plaintiff without warrant or judicial process." The plaintiff alleges that, on or about April 17, 2014, he was "accused of being part of a narcotics conspiracy" and arrested by four agents of the United States Drug Enforcement Administration ("DEA"). He asserts that, on April 18, 2014, he was released on a $100,000 personal recognizance bond. By a letter, dated May 6, 2014, an assistant United States attorney requested that the court cancel the initial conference, scheduled for May 8, 2014, and "expunge" the bail set for the plaintiff because, "[t]hrough post-arrest investigation, the Government has determined that the Rafael Veras arrested on April 17, 2014 is not the individual charged in the indictment [for 'one count of participating in a narcotics conspiracy']."

1

The defendant answered the complaint denying the allegations and admitting that: (a) "upon [the plaintiff's] arrest, the Plaintiff was then immediately placed into a motor vehicle and driven to a location at or near 174th Street and the Cross Bronx Expressway in the Bronx," where he "was removed from this vehicle, handcuffed, and placed into another motor vehicle"; (b) the plaintiff "never confessed"; (c) the court set bail at $100,000; and (d) the May 6, 2014 letter, attached to the verified complaint, was prepared and sent to the court by the defendant's attorney. The defendant asserted certain affirmative defenses. Thereafter, the plaintiff's Fourth Amendment claim was dismissed, with prejudice. See Docket Entry No. 27. Before the Court is the defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The plaintiff opposes the motion.

## DEFENDANT'S CONTENTIONS

The defendant contends that the: (1) plaintiff "failed to establish a false arrest or imprisonment claim, as it is undisputed that he was arrested pursuant to a valid warrant"; (2) plaintiff "failed to establish his claims of assault and battery"; and (3) plaintiff's "intentional and negligent infliction of emotional distress claims improperly duplicate his other claims and lack any basis in fact." With respect to the plaintiff's false arrest and imprisonment claim, the defendant asserts that "[o]nly the fourth element is at issue," namely, whether the plaintiff's "confinement was not otherwise privileged." According to the defendant, that issue "has been conclusively resolved" in its favor because the plaintiff was arrested "pursuant to a valid warrant,

---

[1] For the purpose of determining the summary judgment motion, the Court will consider the redacted version of the motion papers provided to the Court. However, *the parties are on notice* that, at the trial, no redacted documents will be permitted unless an application is made to the Court and the application satisfies the burden of rebutting the "strong presumption of access [to judicial documents that] attaches, under both the common law and the First Amendment." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006).

2

following an indictment by a grand jury." The defendant asserts it is undisputed that a grand jury "issued the charge of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) against Rafael Veras, whom the Government had previously identified as Plaintiff." The indictment was filed on March 31, 2011, and an arrest warrant issued for the arrest of "Rafael Veras a/k/a 'Rafelito,'" pursuant to which the plaintiff was arrested; thus, "he cannot maintain a false arrest claim against the Government. *See, e.g. Broughton v. State*, 37 N.Y.2d 451, 457-58, 335 N.E.2d 310 (N.Y. 1975)." The warrant was facially valid because the defendant knew the target's name and "the warrant included his first and last name, in addition to his nickname." The defendant maintains that,

> [t]o the extent Plaintiff contends that the warrant does not conclusively establish probable cause because more than one individual in the New York area may have the name Rafael Veras, this argument is also unavailing. While courts have held that if a warrant could apply to multiple people, the arresting officer must exercise reasonable care and due diligence in executing the warrant so as to arrest the correct person, this standard for so-called "misnomer cases" is inapplicable here, "because [P]laintiff was the person intended to be apprehended under the warrant." *See Boose v. City of Rochester*, 71 A.D.2d 59, 67, 421 N.Y.S.2d 740 (N.Y. App. Div. 1979); *Davis v. City of Syracuse*, 66 N.Y.2d 840, 489 N.E.2d 242, 244 (N.Y. 1985).

The defendant asserts that "there are no material facts in dispute as to whether Government law enforcement officers arrested the individual they 'intended to [] apprehend[],'" and "the existence of a valid warrant bars Plaintiff's false arrest claim." Moreover, probable cause existed to arrest the plaintiff "who shared a name and birth date with the individual named in the warrant" because "a confidential source with multiple interactions with Rafael Veras identified him as Plaintiff, and therefore Plaintiff became the target of the investigation before the issuance of the grand jury's indictment and the arrest warrant, which were based on the DEA's investigation and observation." The defendant asserts that the plaintiff cannot challenge the defendant's "handling of its investigation that led to Plaintiff's arrest and short confinement in a

3

false arrest action; instead, Plaintiff would have had to bring a malicious prosecution action, which he failed to do," and the plaintiff's "time to amend the Complaint has long passed."

Concerning the plaintiff's claims for assault and battery, the defendant contends that "no supporting evidence" exists, the complaint "does not identify the tortious actions at issue," and the plaintiff's deposition testimony does not "reveal any such actions for which liability could be found under New York law." The plaintiff's testimony that, during his transportation to a detention center, his handcuffs were "squeezing" his wrists and the officer who was driving "was talking on the phone and driving recklessly and . . . [Plaintiff] banged [himself] against the door and against the side," does not establish "that the officer intentionally drove in a manner that could be construed as excessive force, especially given that Plaintiff testified that he did not tell officers or anyone else that he needed medical treatment and that he did not seek medical treatment." Moreover, "transportation in handcuffs is a normal part of arrest and alone does not constitute assault or battery," and no evidence exists showing that the plaintiff suffered more than "the discomfort of sitting in a moving car while handcuffed that many if not most arrestees experience."

With respect to the plaintiff's intentional and negligent infliction of emotional distress claims, "they are entirely undeveloped and improperly replicate other causes of action asserted." Since the plaintiff's claims fall "within the ambit of other traditional tort liability," "an intentional infliction claim cannot be brought." Claims for negligent infliction of emotional distress are precluded if a traditional theory of recovery applies, such as "false arrest, assault, and battery." According to the defendant, the plaintiff cannot remedy his failure to raise a malicious prosecution claim "by pursuing claims based on the investigation preceding his arrest through

emotional distress claims." Furthermore, the plaintiff failed to put forth any evidence supporting his claims for intentional and negligent infliction of emotional distress.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that he "was not arrested pursuant to a valid warrant because the warrant was improperly obtained as the government made false statements and/or material omissions, either knowingly or with reckless disregard for the truth." The plaintiff asserts that it is undisputed that: (a) the defendant "relied solely on the misidentification of the confidential informant"; (b) "the lone photograph shown the confidential informant for him to identify the [target of the investigation] was a nine year old photograph of the [plaintiff] obtained from the NYS Dept. of Motor Vehicles"; (c) the defendant "did almost nothing to corroborate the veracity of the misidentification of the [plaintiff]"; and (d) the defendant "did nothing to investigate the alleged brotherly ties between the [plaintiff] and the convicted drug dealer, Nelson Veras." Thus, the defendant "relied only on the misidentification of the [plaintiff] by a confidential source . . . to establish probable cause to obtain the arrest warrant for [a person named Rafael Veras]." According to the plaintiff "no information supporting the reliability or veracity of the confidential informant" exists and the defendant's "failure to verify the reliability and veracity of the confidential informant" was "a material omission in obtaining the arrest warrant for [a person named Rafael Veras]," which "rebuts the presumption of reasonableness for the issuance of said warrant." Similarly, the defendant's failure to investigate the relationship between the plaintiff and Nelson Veras is a material omission in obtaining the arrest warrant, rebutting the presumption of reasonableness. The defendant's material omissions "destroy its claim that it had probable cause to obtain an arrest warrant against the [plaintiff] and to subsequently apprehend him."

5

The plaintiff asserts that he "established his claims of assault and battery by reason of the Government's excessive force in arresting him." The record shows that the plaintiff was arrested "under false pretenses, was not given his Miranda rights, was transported from the Bronx to Manhattan in a recklessly dangerous manner causing him great fear for his life and subjected to coercive interrogation to have him falsely confess to being the brother of a drug dealer and himself engaging in illegal narcotic trafficking."

In the Table of Contents of his memorandum of law, the plaintiff indicates, under ARGUMENT III: "The Plaintiff acknowledges that the allegations comprising the claims for intentional and/or negligent infliction of emotional distress fall within the ambit of it [sic] claims of false arrest, imprisonment, assault and battery."

## DEFENDANT'S REPLY

The defendant contends that the plaintiff "concedes that the material facts on which the government bases its motion for summary judgment are undisputed," and none of the plaintiff's additional material facts are relevant to his claims. Although the plaintiff asserts in his opposition to the motion that the arrest warrant was not privileged because the defendant's investigation of Rafael Veras was inadequate, his "false arrest claim is precluded when a warrant is facially valid and predicated on grand jury action." Moreover, the plaintiff failed to assert a malicious prosecution action. According to the defendant, "New York courts have consistently held that 'an arrest premised on a facially valid warrant remains privileged even if it is later determined that the warrant should never have been issued.'" The plaintiff's "insistence that the Government should have done more to investigate the identity of Rafael Veras does not provide any evidentiary support for his false arrest claim, and in light of the undisputed facts that Plaintiff was arrested pursuant to a facially valid warrant issued after a grand jury's indictment,"

his "false arrest claim fails as a matter of law." The plaintiff adduced no evidence in support of his assault or battery claims, including establishing that the defendant engaged in any intentional wrongful physical conduct or physical conduct placing him in "fear of imminent harmful or offensive contact." Although the plaintiff sought treatment for anxiety and stress nine months after his arrest, even assuming that the plaintiff's arrest caused his stress that "is not relevant to the question of whether the law enforcement officers used more force than was reasonable to effectuate Plaintiff's arrest."

## LEGAL STANDARD

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255, 106 S. Ct. at 2513. In deciding a summary judgment motion, "[t]here is no requirement that the trial judge make findings of fact. The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250, 106 S. Ct. at 2511. Thus, summary judgment is improper "[i]f reasonable minds could differ as to the import of the evidence." Id.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

Local Civil Rule 56.1 ("Rule 56.1") of this court provides that, on a motion for summary judgment, the movant must submit a statement "of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). Each statement, pursuant to Local Civil Rule 56.1, "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Civil Rule 56.1(d). "The district court has broad discretion in choosing whether to admit evidence." Raskin v. Wyatt Co., 125 F.3d 55, 65 (2d Cir. 1997). "The principles governing admissibility of evidence do not change on a motion for summary judgment" and "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Id. at 66. "The court performs the same role at the summary judgment phase as at trial." Id. Evidence inadmissible under the evidence rules may be considered by the court on a summary judgment motion if not challenged. See Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005).

*FTCA*

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. "State law applies to an FTCA claim. The Government's liability under the FTCA is limited to 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' 28 U.S.C. § 1346(b)." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). New York law applies to the plaintiff's claims under FTCA because the acts and omissions at issue occurred in New York.

*False Arrest and Imprisonment*

> The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement. . . . To establish this cause of action the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. The great weight of authority, including New York, recognizes the rule that neither actual malice nor want of probable cause is an essential element of an action for false imprisonment. This is in direct contrast with the elements comprising a malicious prosecution action. . . . Whenever there has been an arrest and imprisonment without a warrant, the officer has acted extra judicially and the presumption arises that such an arrest and imprisonment are unlawful. The cases uniformly hold that where the arrest or imprisonment is extrajudicial, that is, without legal process or color of legal authority, it is not necessary to allege want of probable cause in a false imprisonment action. Indeed, the burden is on the defendant to prove the opposite.
>
> Broughton v. State of New York, 37 N.Y.2d 451, 456-58, 373 N.Y.S.2d 87, 93-95 (1975) (internal citations omitted).
>
> A necessary element of an action for false imprisonment is that the confinement was not privileged. A detention, otherwise unlawful, is privileged "'where the confinement was by arrest under a valid process issued by a court having jurisdiction.'" A qualification to this rule has been applied in the so-called "misnomer cases", where warrants could have been applied with complete accuracy to two or more persons (*Williams v. City of Buffalo*, 72 A.D.2d 952, 422 N.Y.S.2d 241; *Craner v. Corbett*, 27 A.D.2d 796, 279 N.Y.S.2d 135; *Maracle v. State of New York*, 50 Misc.2d 348, 270 N.Y.S.2d 439). In such cases, the officer has been

9

required to exercise reasonable care in assuring that he has arrested the person intended to be apprehended under the warrant. To be contrasted is the situation . . . where the plaintiff is the person intended to be arrested and the only person to whom the warrant could validly be applied (*see Boose v. City of Rochester*, 71 A.D.2d 59, 67, 421 N.Y.S.2d 740[]).

Davis v. City of Syracuse, 66 N.Y.2d 840, 842, 498 N.Y.S.2d 355, 356-57 (1985) (internal citations omitted).

"[I]f there is more than one individual with the same name, the arresting officer must exercise reasonable care and due diligence in executing the warrant." Boose v. City of Rochester, 71 A.D.2d 59, 67, 421 N.Y.S.2d 740, 747 (App. Div. 4th Dep't 1979). A "misnomer case" is not one where the plaintiff "was the person intended to be apprehended under the warrant." Id. "The determination of due diligence generally is a question of fact for the jury." Williams v. City of Buffalo, 72 A.D.2d 952, 953, 422 N.Y.S.2d 241, 243 (App. Div. 4th Dep't 1979).

***Assault and Battery***

"In order to sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." Timothy Mc. v. Beacon City School Dist., 127 A.D.3d 826, 829, 7 N.Y.S.3d 348, 352 (App. Div. 2d Dep't 2015) (internal citations omitted). "[T]o support an action based on assault, intent is an essential element." Flamer v. City of Yonkers, 309 N.Y.114, 119 (1955).

"To recover damages for battery founded on bodily contact, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent." Roe v. Barad, 230 A.D.2d 839, 840, 647 N.Y.S.2d 14, 15 (App. Div. 2d Dep't 1996). "An action for battery may be sustained without a showing that the actor intended to cause injury as a result of the intended contact, but it is necessary to show that the intended contact was itself 'offensive', i.e., wrongful under all the circumstances." Zgraggen v. Wilsey, 200 A.D.2d 818, 819, 606 N.Y.S.2d 444, 445 (App. Div. 3d Dep't 1994).

10

## APPLICATION OF LEGAL STANDARD

*Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress*

Although ARGUMENT III noted in the Table of Contents is missing from the body of the plaintiff's memorandum of law, the plaintiff appears to concede that his claims for intentional infliction of emotional distress and negligent infliction of emotional distress are duplicative of his other claims in this action, as indicated in the defendant's reply, which was not challenged by the plaintiff. Accordingly, granting summary judgment in the defendant's favor on the plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress is warranted.

*Assault and Battery*

It is undisputed that the plaintiff: (a) was arrested, on April 16, 2014, "handcuffed and driven to a detention center located at 99 Tenth Avenue in Manhattan"; (b) remained in detention until April 17, 2014, when he was released on bail; and (c) "was not threatened during his arrest or detention." With respect to his arrest, the plaintiff testified at his deposition, in pertinent part:

> They handcuffed me and they took me away in the vehicle. The one who was with me driving - - I was handcuffed - - he's driving recklessly at peak traffic hours. He's questioning me about my past, do I have siblings, until we got somewhere here in Manhattan. I don't know where we were. I thought they were going to kill me because I don't know where that came from. They tell me they are going to take me to the 46th Precinct to look at some graffiti, and they don't take me there. They bring me here. When they brought me here, they took me into a tunnel. I don't know what tunnel that was. They sat me down alone on a chair. The person that brought me in took off walking a long way away, and then a very large man came along with a ring of keys. I thought they were going to kill me.

In connection with the reckless driving, the plaintiff was asked if he sustained any injuries and he answered: "I was - - it was squeezing my wrists. He was talking on the phone and driving recklessly, and I, you know, banged myself against the door and against the side." However, the

11

plaintiff never told the police or anyone else that he needed medical attention and he did not seek medical treatment for any physical condition. The plaintiff testified that he did not suffer any physical harm while in his detention cell and no officers talked to him while he was in the cell with another person. No evidence exists of any physical conduct by the defendant that placed the plaintiff in imminent apprehension of harmful contact at any time, as required to establish civil assault. See Timothy Mc., 127 A.D.3d at 829, 7 N.Y.S.3d at 352. The plaintiff's assertions that: (a) "[t]he one who was with me driving - - I was handcuffed - - he's driving recklessly at peak traffic hours"; (b) "[h]e's questioning me about my past"; and (c) the police asked him questions, are insufficient to establish intentional physical conduct by the defendant that placed the plaintiff in imminent apprehension of harmful contact. See Gould v. Rempel, 99 A.D.3d 759, 760, 951 N.Y.S.2d 677, 678 (App. Div. 2d Dep't 2012) ("[W]ords, without some menacing gesture or act accompanying them ordinarily will not be sufficient to state a cause of action alleging assault.") (citation omitted). Similarly, no evidence exists of any bodily contact that was offensive and intended to be made by the defendant without the plaintiff's consent, as required to establish battery. See Zgraggen, 200 A.D.2d at 819, 606 N.Y.S.2d at 445. Accordingly, granting summary judgment in the defendant's favor on the plaintiff's claims of assault and battery is warranted.

### *False Arrest and Imprisonment*

The defendant concedes that, with respect to the plaintiff's false arrest and imprisonment claim, "[o]nly the fourth element is at issue here," namely, the plaintiff must establish that "the confinement was not otherwise privileged." Broughton, 37 N.Y.2d at 456, 373 N.Y.S.2d at 93. Based on the record evidence, the Court finds that the plaintiff established the first three elements of his false arrest and imprisonment claim, namely, that: (1) the defendant intended to

12

confine the plaintiff; (2) the plaintiff was conscious of the confinement; and (3) the plaintiff did not consent to the confinement. See id.

It is undisputed that: (a) on March 31, 2011, Judge Pitman signed an arrest warrant for "Rafael Veras, a/k/a 'Rafelito,'" describing the charges on the arrest warrant as "Narcotics Conspiracy"; (b) the arrest warrant issued based on the March 31, 2011 indictment charging "RAFAEL VERAS, a/k/a 'Rafelito'" with conspiracy to "distribute, and possess with intent to distribute, a controlled substance in violation of 21 U.S.C. § 841(a)(1)"; (c) the plaintiff was arrested on April 16, 2014; (d) the plaintiff was released on bail, on April 17, 2014; (e) after the plaintiff was arrested and released on bail, "[t]he Government then attempted to verify that Plaintiff was the individual involved in the sale of narcotics"; and (f) on May 6, 2014, the defendant represented to the court that, "Rafael Veras arrested on April 1[6], 2014 is not the individual charged in the Indictment." The defendant asserts that the plaintiff's false arrest and imprisonment claim fails because the plaintiff was arrested pursuant to the March 31, 2011 warrant, which "was facially valid," and this is not a "misnomer case" because: (1) the plaintiff was "the person intended to be apprehended under the warrant"; and (2) "the Government had identified Plaintiff as the target of its investigation before the grand jury's indictment." If the plaintiff, as the defendant contends, was "the person intended to be apprehended under the warrant" and "the Government had identified Plaintiff as the target of its investigation before the grand jury's indictment," it would follow that the person charged by the March 31, 2011 indictment and the person arrested pursuant to the March 31, 2011 warrant based on that indictment, are the same person. However, the undisputed evidence shows that they are not. The defendant's assertions are inconsistent with the undisputed facts that: (i) the March 31, 2011 warrant for the arrest of "RAFAEL VERAS, a/k/a 'Rafelito'" was based on the March 31, 2011

13

indictment charging "RAFAEL VERAS, a/k/a 'Rafelito'" with conspiracy to "distribute, and possess with intent to distribute, a controlled substance in violation of 21 U.S.C. § 841(a)(1)"; and (ii) "Rafael Veras arrested on April 1[6], 2014 is not the individual charged in the Indictment." It is undisputed that: (i) the plaintiff's name is Rafael Veras; and (ii) the name, "Rafael Veras," appears on the March 31, 2011 arrest warrant, as well as an additional identifier of the person to be arrested – "a/k/a 'Rafelito.'" "[If] there is more than one individual with the same name," as appears to be the case here, "the arresting officer must exercise reasonable care and due diligence in executing the warrant. Boose, 71 A.D.2d at 67, 421 N.Y.S.2d at 747. Since the person arrested pursuant to the March 31, 2011 warrant was the plaintiff and the plaintiff "is not the individual charged in the Indictment," it appears that the plaintiff was arrested, erroneously, based on the March 31, 2011 indictment charging another person who is not the plaintiff. Thus, unlike in Boose, which involved one valid and one invalid arrest warrant and was found by the court not to be a "misnomer case" because "plaintiff was the person intended to be apprehended under the warrant," 71 A.D.2d at 66-67, 421 N.Y.S.2d at 747, it appears that the March 31, 2011 arrest warrant in this case "could have been applied . . . to two or more persons," Davis, 66 N.Y.2d at 842, 498 N.Y.S.2d at 357, since: (a) the arrest warrant was issued for "RAFAEL VERAS, a/k/a 'Rafelito'"; (b) the plaintiff's name is Rafael Veras; (c) the "Rafael Veras arrested on April 1[6], 2014 is not the individual charged in the Indictment." Moreover, a genuine dispute as to a material fact exists respecting whether the plaintiff was the person intended to be apprehended under the warrant issued based on the March 31, 2011 indictment, in light of the undisputed fact that the person "arrested on April 1[6], 2014 is not the individual charged in the Indictment."

The Court finds that a genuine dispute as to a material fact exists in connection with the fourth element of the plaintiff's false arrest and imprisonment claim, that is, whether the plaintiff's "confinement was not otherwise privileged." Broughton, 37 N.Y.2d at 456, 373 N.Y.S.2d at 93. Accordingly, granting summary judgment in the defendant's favor on the plaintiff's false arrest and imprisonment claim is not warranted.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment, Docket Entry No. 28, is: (a) granted with respect to the plaintiff's claims of intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery; and (b) denied with respect to the plaintiff's claim for false arrest and imprisonment.

Dated: New York, New York
      August 3, 2018

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE